UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BETTY BREASHEARS                                    CIVIL ACTION

V.                                                  NO. 16-16723

DOLLAR TREE STORES, INC.
AND WAYLAND CHARLES                                 SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the following reasons, the motion is DENIED.

**Background**

This case arises out of a slip and fall accident at a Dollar Tree Store, located at 4115 S. Carrollton Avenue in New Orleans. According to the state court petition, on July 5, 2016, the plaintiff, Betty Breashears, fell over merchandise that was on the floor of an aisle inside the store. The plaintiff alleges she suffered serious injuries to her right leg, neck, and back. The injuries require one or more surgeries, in addition to other treatment. She also suffered past and future mental anguish and physical suffering, loss of enjoyment of life, and past and future expenses for medical care.

On September 12, 2016, the plaintiff sued for damages in Civil District Court for the Parish of Orleans against Dollar Tree Store, Inc. and Wayland Charles, the supervising manager of the location where the plaintiff was injured. On November 30, 2016, the defendants removed the suit to federal court on the basis of

1

diversity.[1] Although complete diversity is lacking because the plaintiff and Wayland Charles are both Louisiana citizens for the purposes of diversity jurisdiction, Dollar General asserts that the plaintiff improperly joined Charles because the plaintiff has no arguable or reasonable basis on which to state a cause of action against him.

The plaintiff moves to remand, contending that she properly joined Charles as a defendant and that complete diversity does not exist, and thus this Court lacks jurisdiction. The sole issue before the Court is whether Charles was improperly joined.

I.

It is the removing party's burden to establish improper joinder, and the burden is a "heavy one." Lundquist v. J&J Exterminating, Inc., No. 07-CV-1994, 2008 WL 1968339, at *2 (W.D. La. May 2, 2008) (quoting Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc)). The Fifth Circuit recognizes two ways for the removing party to establish improper joinder: (1) "actual fraud in the pleading of jurisdictional facts;" or (2) an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood, 385 F.3d at 573 (en banc) (citing Travis v. Irby, 326 F.3d 644,

---

[1] The plaintiff and Wayland Charles are residents of Louisiana. Dollar Tree Stores, Inc. is a foreign corporation incorporated in Virginia with its principal place of business also in Virginia.

646–47 (5th Cir. 2003)). Here, there is no allegation of actual fraud. As such, "[t]he test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." Rodrigue v. Continental Ins. Co., No. 14-1797, 2014 WL 4999465, at *2 (E.D. La. Oct. 7, 2014) (citing Smallwood, 385 F.3d a 573).

"In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor." Rodrigue, 2014 WL 4999465, at *2 (citing Burden v. Gen. Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995)). The Fifth Circuit articulated two avenues for determining whether a plaintiff has a reasonable basis for recovery under state law. First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood, 385 F.3d at 573. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Id. Second, if the plaintiff has stated a claim, and as a result, survives a Rule 12(b)(6) challenge, but "misstated or omitted discrete facts that would determine the propriety of joinder," the court may "pierce the pleadings and conduct a summary inquiry." Id. "[A]lthough the

type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." McKee v. Kansas City S. Ry. Co., 358 F.3d 329, 334 (5th Cir. 2004). "The district court must also take into account 'the status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." Id.

## II.

The plaintiff alleges Mr. Charles was the store manager of the Dollar Tree on the date of her accident. Under Louisiana law, a store manager or employee cannot be held liable for an injury to a third party unless the manager or employee breached an independent, personal duty to the third party, which caused the third party's injury. In Canter v. Koehring, the Louisiana Supreme Court identified four criteria which must be satisfied before an employee can be found liable to a third party for his or her injury:

> (1) The principal or employer owes a duty of care to the third person . . ., breach of which has caused the damage for which recovery is sought;
> (2) The duty is delegated by the principal or employer to the defendant;
> (3) The defendant . . . has breached his duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances. . . .; and

4

> (4) [P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of employment. He must have a personal duty towards the injured plaintiff, breach of which specifically caused the plaintiff's damages.

See Robinson v. Wal-Mart Stores, Inc., Civil Action No. 15-6871, 2016 WL 1572078, at *2-3 (E.D. La. Apr. 19, 2016) (citing Canter v. Koehring, 283 So. 2d 716, 721 (La. 1973)).

The plaintiff argues Charles is personally liable for her injuries. She attributes two acts of negligence: (1) The defendants, including Charles, caused or contributed to the hazardous condition because merchandise was negligently stacked on shelves; and (2) Charles breached a duty to keep the premises of the establishment clean, safe and free from defects and hazards. These are the only allegations against Charles in the plaintiff's state court petition. The plaintiff does not allege Charles owed a personal, independent duty that Dollar Tree delegated to him. See Robinson, 2016 WL 1572078, at *3. Such allegations do not give rise to personal liability under Canter. See Canter, 283 So. 2d at 721.

Several federal district courts in Louisiana have found similar allegations insufficient to support personal liability on the part of a store manager or employee; these courts have concluded that the store managers were improperly joined to defeat diversity. In Robinson v. Wal-Mart Stores, Inc., the plaintiff

sued a Wal-Mart store and its general manager after the plaintiff slipped and fell in the store. 2016 WL 1572078, at *1. The defendants removed the suit to federal court on the basis of improper joiner. Id. The court concluded that the manager was improperly joined because the plaintiff failed to allege that the manager owed a personal, independent duty to store patrons that Wal-Mart delegated to him, rather than technical or administrative fault. Id. at *3. Therefore, the court denied the plaintiff's motion to remand. Id.

Similarly, in Rushing v. Wal-Mart, Inc., a plaintiff sued Wal-Mart and the store manager for personal injuries sustained when two cases of drinks fell on her head as she attempted to remove a case from the shelf. No. 15-269, 2015 WL 1565064, at *1 (E.D. La. Apr. 8, 2015). The plaintiff alleged that the manager was liable for negligence because the manager failed to exercise vigilance, failed to supervise his employees, failed to properly stock the shelves, and failed to inspect the shelves to remove dangerous conditions. Id. at *3. The court found the allegations to be a "classic case of attempting to place liability upon an employee 'simply because of his general administrative responsibility for performance of some function of employment.'" Id. at *4 (quoting Carter v. Wal-Mart Stores, Inc., No. 04-0072, 2005 WL 1831092, at *3 (W.D. La. July 28, 2005)). The court reasoned the allegations were insufficient to trigger personal

liability because the plaintiff did not allege that the manager knew of, or actively contributed to, any alleged unsafe conditions. Rushing, 2015 WL 1565064, at *4.

In contrast, in Lounsbury v. Winn-Dixie Louisiana, Inc., the plaintiff was looking at products when a store employee walked up behind the plaintiff and squatted at his feet. No. 95-2544, 1995 WL 626211, at *1 (E.D. La. Oct. 20, 1995). As the plaintiff made his selection, he tripped and fell backwards over the squatting employee. Id. The plaintiff alleged the employee "breached his duty to him by obstructing his passage and negligently tripping him." Id. at *2. The court held the plaintiff stated a proper claim against the employee because the alleged negligence did not arise out of a "general administrative responsibility;" it arose from a personal duty owed to the plaintiff. Id.

III.

The plaintiff's allegations are more analogous with those in Robinson and Rushing than in Lounsbury. The plaintiff has not alleged that Charles owed her a personal, independent duty that was breached and caused her to be injured.[2] The plaintiff has not

---

[2] Construed broadly, the plaintiff's single reference to a personal duty owed to her is found in the motion to remand, not in the petition. The plaintiff states in her motion that, "Mr. Charles was standing next to plaintiff's daughters and the paramedics as her condition was assessed on the floor of the Dollar Tree. Mr. Charles was at the scene of the accident." This is a mere recitation of events; at most, this statement supports that Charles was the manager working at the Dollar Tree on the day of the

alleged that Dollar Tree delegated duties it owes to third-party patrons, under Louisiana law, to Charles.[3] Instead, the plaintiff generically alleges that Charles failed to maintain a safe premises, failed to properly assemble items on the shelves, and failed to supervise the placement of goods on shelves. These arguments do not assert or claim a personal duty to ensure the plaintiff's safety.

Accordingly, the plaintiff's petition states no allegations that Dollar Tree delegated any of its duties to Charles to protect the safety of patrons or allegations giving rise to Charles' liability under Louisiana law. This is "a classic case of attempting to place liability upon an employee 'simply because of his general administrative responsibility for performance of some function of employment.'" Rushing, 2015 WL 1565064, at *4; see also Giles v. Wal-Mart Louisiana, LLC, Civil Action No: 16-2413, 2016 WL 2825778, at *4 (E.D. La. May 13, 2016). Because the plaintiff cannot recover against Charles under Louisiana law, Charles has been improperly joined and this Court has diversity jurisdiction.

---

plaintiff's accident. Including this statement in the motion to remand does not give rise to a personal duty that Charles owed to the plaintiff.

[3] Dollar Tree, as a merchant, owes its patrons a duty to exercise reasonable care to keep its floors in a reasonably safe condition, ensuring that the premises are free of hazardous conditions, which might reasonably cause damage. LA. REV. STAT. § 9:2800.6.

IT IS ORDERED that the plaintiff's motion to remand is DENIED.

IT IS FURTHER ORDERED that Wayland Charles is DISMISSED from this lawsuit.

New Orleans, Louisiana, January 25, 2017

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE